Mr. James A. Badami, Executive Director Judicial Discipline and Disability Commission 323 Center Street, Suite 1060 Little Rock, Arkansas 72201
Dear Mr. Badami:
This is in response to your request for an opinion on several questions regarding what actions may be taken if it is believed that an individual has violated the Commission's rules of confidentiality. Specifically, you have asked four questions which will be set out below and answered in the order posed.
Your first question is as follows: "Which individuals are subject to the restrictions of Rule 7E of the Procedural Rules of the Judicial Discipline and Disability Commission?" Rule 7 is entitled "Disclosure" and identifies which, and under what circumstances, documents and proceedings of the Commission are open to the public. Subsection (E) of Rule 7 provides that: "Any person who violates the confidentiality requirements of this rule shall be subject to punishment for contempt of the Arkansas Supreme Court." Emphasis added. Subsection (D) of the same Rule provides that "It shall be the duty of the Commission and its staff to inform every person who appears before the Commission or who obtains information about the Commission's work of the confidentiality requirements of this rule." Emphasis added. It is my opinion, in light of the language above, that "any person" who violates the confidentiality provisions of Rule 7, after being informed of the confidentiality requirements by the Commission or its staff, is subject to punishment for contempt of the Arkansas Supreme Court.
Your second question asks what standards should be used to determine if there has been a violation of Rule 7(E). There are no standards given in the Rules to determine whether a breach of the confidentiality requirements has occurred. It should be noted, however, that the Arkansas Supreme Court is given the authority to "make procedural rules implementing [Amendment 66, the amendment creating the Commission]. . . ." See also A.C.A. 16-10-405 (Repl. 1994). Rule 7(e) is one of the rules promulgated by the Supreme Court pursuant to this authority. These rules also give the Commission the power to "recommend to the Supreme Court adoption or amendment of rules with regard to all disciplinary and disability proceedings, [and to] promulgate additional rules of procedure not inconsistent with these rules. . . ." Rule 2(a) of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission. It is therefore possible for the Commission to either recommend to the Supreme Court the adoption of rules governing the standards to be applied in determining whether a breach of the confidentiality requirements has occurred, or to promulgate such rules itself, if not contrary to the Supreme Court Rules.
Your third question is as follows:
 3. If the Judicial Discipline and Disability Commission believes someone has violated the Supreme Court's imposed rules of confidentiality, may this Commission on its own, hold someone in contempt of the Arkansas Supreme Court?
 a. If yes, what if any notice must be given an individual?
 b. What standards should be applied in determining if an individual has violated the rule?
c. What sanctions may be imposed?
It is my opinion that the answer to the first part of this question is "no," the Commission does not have authority to hold someone in contempt of the Arkansas Supreme Court. Although it has been stated that inherent power to punish for contempt resides in all courts (Edwards v. Jameson, 284 Ark. 60,679 S.W.2d 195 (1984)), I cannot conclude, absent any constitutional or statutory authority, that any such power resides in the Commission. An answer to the three remaining parts of your third question is therefore unnecessary.
Your fourth question is as follows:
 4. If the Judicial Discipline and Disability Commission does not on its own have the authority to hold someone
 in contempt and the Commission believes someone has violated the Supreme Court's imposed rules of confidentiality, must the matter be referred to the Arkansas Supreme Court or another court of record?
The relevant rule provides that violation of the confidentiality provisions subjects the violator to punishment for contempt of the Arkansas Supreme Court. It is my opinion that only the Arkansas Supreme Court can hold someone in contempt of the Arkansas Supreme Court. It is this court to which the matter must be referred.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh